972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Buford L. PEAK, Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant/Appellee.
 No. 90-3319.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 3, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Buford Peak was arrested by officers of the Drug Enforcement Administration on July 30, 1986 on drug-related charges for which he was subsequently convicted. Because Mr. Buford was seen on the day of his arrest driving a 1983 Ford LTD on his way to complete a drug purchase, the State Police seized that vehicle. Larry Peak, Buford Peak's son, filed a claim of ownership and paid a $430 bond. On August 19, 1987, the United States filed its complaint for forfeiture. The district court determined that the car should be returned to Larry Peak.[1] However, it specifically found that there was probable cause for the seizure and that the claimant would not be entitled to costs against those who made the seizure. 28 U.S.C. § 2465. Buford Peak then filed a Motion for Relief from Judgment, asserting that he was the party injured by the forfeiture and challenging the district court's denial of costs to Larry Peak. The government moved to strike that motion since Buford Peak was not a party to the action and had failed to show that his legal interest was affected by the judgment. The district court granted the government's motion. After his administrative claim was denied, Buford Peak filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that he suffered property loss and personal injury from the seizure of the vehicle and asking for $20,000 in damages. The district court dismissed the action for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Buford Peak appeals this judgment. We affirm.
 
 
 2
 The FTCA provides a remedy "for injury or loss of property" committed by the United States to the same extent as a private party. 28 U.S.C. § 1346(b). Without the explicit consent to suit under the FTCA, "a district court is without jurisdiction to entertain a suit for damages against the United States." Midwest Knitting Mills, Inc. v. United States, 950 F.2d 1295, 1297 (7th Cir.1991). The broad waiver of sovereign immunity under the FTCA is subject to a number of exceptions, Kosak v. United States, 465 U.S. 848, 852 (1984), among which is 28 U.S.C. § 2680(c), which exempts from the FTCA "[a]ny claim arising in respect of ... the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer."
 
 
 3
 Here, the seizure of the 1983 Ford LTD by law enforcement officers falls squarely within the scope of § 2680(c), see United States v. $149,345 United States Currency, 747 F.2d 1278, 1283 (9th Cir.1984), depriving the district court of subject matter jurisdiction under the FTCA.[2] The decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Buford Peak never filed a claim to assert an interest in the Ford LTD during the forfeiture proceeding
 
 
 [2]
 In any event, the district court certified that reasonable cause existed for the seizure and held that the only claimant, Larry Peak, was not entitled to costs